IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RUTH C. COLEMAN, | ) | 8:13CV82 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| VALARIE JASS, and BRENDA TACKE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff filed her Complaint in this matter on March 12, 2013. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.    SUMMARY OF COMPLAINT

    Plaintiff filed her Complaint against two individuals, Valarie Jass and Brenda Tacke. (Filing No. 1 at CM/ECF p. 1.) Liberally construed, Plaintiff's Complaint alleges age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.

    Plaintiff alleges that she is 65 years old. (*Id.* at CM/ECF p. 7.) In approximately October 2010, Plaintiff worked for Correct Care Solutions. As best as the court can tell, Defendants Brenda Tacke and Valarie Jass were also employed by Correct Care Solutions. In October 2010, Brenda Tacke called Plaintiff into Valarie Jass's office, where Jass yelled at Plaintiff for being late to work. (*Id.* at CM/ECF p. 2.) Jass informed Plaintiff that the next time she was late, her employment would be terminated. (*Id.*) Jass also stated, "maybe you are too old to be working for this company anyway." (*Id.* at CM/ECF p. 4.) During this meeting,

Tacke "never said a word nor looked at Plaintiff." (*Id.* at CM/ECF p. 3.) Following the meeting, Jass asked Plaintiff to get her belongings and leave the building. (*Id.* at CM/ECF p. 4.) Plaintiff asked if she was being fired, and Jass responded that she was not fired. (*Id.*) Although Plaintiff's employment was not terminated, Plaintiff retired as a result of her meeting with Valarie Jass and Brenda Tacke. (*Id.* at CM/ECF p. 7.)

As relief, Plaintiff asks for Brenda Tacke "to be brought to court under oath and tell the truth" about the discriminatory remark Valarie Jass made to Plaintiff. (*Id.* at CM/ECF p. 5.) She also asks that Correct Care Solutions compensate her for the loss of income she suffered as a result of being forced to retire early. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

#### A. Exhaustion of Administrative Remedies

Liberally construed, Plaintiff brings her claims under the ADEA. The ADEA protects individuals over 40 and prohibits an employer from "fail[ing] or refus[ing] to hire or . . . discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010).

To pursue discrimination claims under the ADEA, a plaintiff must exhaust all administrative remedies. *See generally* 29 U.S.C.§ 626(d)(1). To accomplish this, a plaintiff must first present his claims to the Equal Employment Opportunity Commission ("EEOC") by filing an administrative charge of discrimination. *See, e.g.*, *Dorsey v. Pinnacle Automation Company*, 278 F.3d 830, 835 (8th Cir. 2002) (finding the ADEA requires the filing of an administrative charge of discrimination with the EEOC). Even if a plaintiff timely files an administrative charge, she cannot proceed with her claims in federal court unless she first receives a right-to-sue letter and files her claim within 90 days. 29 U.S.C. § 626(e).

Here, Plaintiff has not filed a copy of her right-to-sue notice. Thus, the court cannot determine whether Plaintiff has exhausted her administrative remedies or whether Plaintiff's claim is timely. On the court's own motion, the court will permit Plaintiff 30 days in which to file a copy of her right-to-sue notice with the court. In

the alternative, Plaintiff may amend her complaint to allege that she filed suit within 90 days of her receipt of the right-to-sue notice.

### B.  Defendants Valarie Jass and Brenda Tacke

Valarie Jass and Brenda Tacke, as coworkers or supervisors, may not be held personally liable under the ADEA.  *See, e.g.*, *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001) ("The ADEA authorizes suits against employers for age discrimination. . . . Likewise, the ADEA provides no basis for individual liability for supervisory employees") (internal citations and quotation marks omitted); *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (same); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994) ("[T]he ADEA limits civil liability to the employer."); *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993) (same).  *See also Rickert v. Midland Lutheran College*, 8:07CV334, 2007 WL 2933229, at *1 (D. Neb. Oct. 5, 2007) (dismissing ADEA claims against individual defendants because they were not "employers" and could not be held individually liable under the ADEA); *Feller v. McCarthy*, No. 4:07CV3117, 2007 WL 3204463, at *3 (D. Neb. Oct. 30, 2007) (finding the plaintiff's complaint did not state an ADEA claim against two individual defendants because the complaint did not allege that they were the plaintiff's "employers" under the ADEA).

Plaintiff alleges that her employer at all relevant times was Correct Care Solutions.  However, Plaintiff has not named Correct Care Solutions as a defendant in this matter.  Rather, she has named two individuals who, as best the court can tell, are Plaintiff's supervisors or coworkers.  For this reason, Plaintiff's Complaint fails to state an ADEA claim upon which relief may be granted.  On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that either names a proper defendant, or alleges that the currently named Defendants (Valarie Jass and Brenda Tacke) are her "employers" within the meaning of the ADEA.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint in accordance with this Memorandum and Order. If Plaintiff fails to do so, this matter will be dismissed without further notice.

2. The Clerk of the court is directed to set a pro se case management deadline using the following text: September 6, 2013: Check for amended complaint.

DATED this 8th day of August, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.